Camillus **EHIGIE,** Petitioner,

v.

Eric H. **HOLDER,** Jr., Attorney General, Respondent.

Nos. 04–75364, 06–72131.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony O. Egbase, Esquire, Law Offices of Anthony O. Egbase & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Karen Y. Stewart, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Camillus Ehigie, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen and reconsider (No. 04–75364), and denying his motion to recalendar (No. 06–72131). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny the petitions for review.

█ The agency did not abuse its discretion in denying Ehigie's motion to reopen and reconsider because the IJ properly deemed his application for cancellation

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of removal abandoned. *See* 8 C.F.R. § 1003.31(c) (authorizing IJs to set filing deadlines and stating that an application not filed by the deadline "shall be deemed waived"). Accordingly, the agency did not violate Ehigie's due process rights. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

■ We lack jurisdiction to consider Ehigie's contention that the contract attorney hired to file the application provided him with ineffective assistance, because it is unexhausted. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (requiring "an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA").

Ehigie's contentions that the IJ failed to advise him of his eligibility for relief or provide him with adequate advisals of the consequences of failure to file a timely application are unavailing.

■ The BIA properly construed Ehigie's motion to recalendar as a motion to reopen and did not abuse its discretion in denying it as untimely because the motion was filed eleven months after the BIA's final order, and Ehigie did not demonstrate that he was entitled to equitable tolling. *See* 8 C.F.R. § 1003.2(c)(2); *see also Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003).

■ The BIA also did not abuse its discretion in construing the motion to recalendar as a motion to reconsider its previous decision denying Ehigie's November 10, 2004 motion to reconsider, and denying it as both untimely and number-barred. *See* 8 C.F.R. § 1003.2(b)(2) (filing deadline for a motion to reconsider is 30 days from the agency's prior decision, and a party

may not file a motion to reconsider the denial of a previous motion to reconsider).

**PETITIONS FOR REVIEW DENIED.**